IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:20-cv-00137-PAB-SKC

ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.,

     Plaintiff,

v.

THE KROGER CO.,

     Defendant.

---

## PROTECTIVE ORDER

     Discovery in this case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret, medical, health, personal or other information of a sensitive and/or private nature about a party (or of another person which information the party is under a duty to maintain in confidence); and further disclosure of such information by discovery responses and/or testimony. Such documents and information are hereafter referred to as "Confidential Information," which term includes documents, discovery responses, and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter this Stipulated Protective Order ("the Order") to govern the production and handling of documents, discovery responses, and testimony that contains Confidential Information. For good cause shown, the Court ORDERS as follows:

### Designation of Confidential Information

     1.    *Designation of Material.* Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing

party as "Confidential." Placement of the "Confidential" designation on each protected page when it is produced shall constitute notice and shall designate the document as Confidential Information. Copies, extracts, summaries, notes, and other derivatives of Confidential Information, and conversations, testimony, or presentations by parties or their counsel that might reveal Confidential Information, also shall be deemed Confidential Information and shall be subject to the provisions of this Order. A producing party may further designate Confidential Information as "Highly Confidential—Attorney's Eyes Only" ("AEO"), using the legend "Highly Confidential—Attorney's Eyes Only" in place of "Confidential". The AEO designation is to be reserved for extremely sensitive Confidential Information, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2. *Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as Confidential Information or AEO when they were initially produced may within a reasonable time thereafter be designated as Confidential Information or AEO by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved, unless otherwise provided herein. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" or "Highly Confidential—Attorney's Eyes Only" designation to it (as appropriate), and shall thereafter distribute it only as allowed by this Order; provided that the designating party shall bear the reasonable cost of such retrieval, designation, and re-distribution of said materials.

No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3.     *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential or AEO Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential or AEO Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within 28 days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential or AEO Information (as appropriate), subject to the provisions of this Order.

4.     *Modification of Designation.* The designation of Confidential Information or AEO by the designating party shall not be determinative and may be modified or eliminated at any time in one of two ways:

      a.    The designating party may agree in writing to downgrade or eliminate the Confidential or AEO designation concerning any material it produced.

      b.    If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the party challenging designation shall move the Court for a ruling on the Confidential or AEO designation in accordance with the Court's discovery dispute process and as further outlined below in paragraph

17 (Objections). The burden of proving that the information has been improperly designated as Confidential or AEO shall be on the party challenging designation.

5.　*Inadvertent Failures to Designate.* If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.　*Limitations.* The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.

## Access to Confidential Information

7.　*General Access.* Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only to those identified as follows:

　　a.　To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation).

b.     To the officers, directors, and employees of the receiving party (including in-house counsel) to whom disclosure is reasonably necessary for this litigation. These individuals may not receive Confidential Information designated as AEO without the express written agreement of the designating party.

c.     To court reporters transcribing a deposition, hearing, or other proceeding in this matter.

d.     To independent experts and independent consultants (meaning a person who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation), including but not limited to testifying and non-testifying, non-attorney experts and consultants, in the course of assisting the parties or their counsel in this litigation.

e.     To claims professionals for the parties' insurance companies that may afford coverage for the claim, but only for the purposes of this litigation, and subject to the limitations set forth herein.

f.     To the Court, the Court's staff, and the jury in this case for purposes of trial and/or pretrial proceedings.

g.     To the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information.

h.     To deponents, witnesses, or potential witnesses.

i.      To other persons by written agreement of the parties.

8.      *Requirements for Access.* Prior to disclosing Confidential Information to any person listed above (other than counsel, persons employed by counsel, court personnel and court reporters), counsel shall provide such person with a copy of this Order and obtain from such person a written acknowledgement stating that they have read this Order and agree to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. For the avoidance of doubt, a receiving party and its employees (including in-house counsel) may not receive Confidential Information designated AEO without the express written consent of the producing party, regardless of whether they follow the procedure in this paragraph.

9.      *Disputes over Access.* If a dispute arises as to whether a person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential Information

10.     *Use in this Litigation Only.* Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

11.     *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

12.     *Use at Court Hearings and Trial.* Any use of Confidential Information at hearings or in trial will be addressed at an appropriate time in advance of trial or hearing, if necessary.

13.     *Filing.* Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Information. In filing any Confidential Information with the Court, or filing any pleading, motion, brief, or other document that references or discloses the substance of Confidential Information, the filing party must comply with the requirements of D.C.COLO.LCivR 7.1 and 7.2, which govern restrictions on public access to filed documents in this matter. If a receiving party's request to file Confidential Information under seal pursuant to D.C.COLO LCivR 7.1 and 7.2 is denied by the court, then the receiving party may file the information in the public record unless otherwise instructed by the Court.

14.     *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

15. *Return After Litigation.* Within 60 days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information or certify that it has been destroyed. Whether the Confidential Information is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to this Order as set forth in Paragraph 18 (Duration), below.

## Other Provisions

16. *Not an Admission.* Nothing contained herein shall preclude the parties or a person from raising any available objection or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

17.    *Objections.* A party may object to the designation of Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within 15 business days after the time the notice is received, it shall be the obligation of the party challenging designation of the information as Confidential or AEO to promptly file an appropriate request for ruling by the Court determining whether the disputed information contains Confidential or AEO Information within the scope of this Order; any such request shall be made in accordance with the Local Rules and Practice Standards of this Court. The disputed information shall be treated as Confidential or AEO (however originally designated) under the terms of this Order until the Court rules on the request. In connection with a request for ruling made under this provision, the party challenging the designation of the information as Confidential or AEO shall bear the burden of establishing that no good cause exists for the disputed information to be treated as Confidential or AEO.

18.    *Duration.* Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs.

19.    *Protected Material Subpoenaed or Ordered Produced in Other Litigation.* If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Information, that party must:

a.      promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

b.      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

c.      cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as Confidential Information before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

20.     *A Non-Party's Protected Material Sought to Be Produced in This Litigation.* The terms of this Order are applicable to information produced by a non-party in this action and designated as Confidential Information. Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party

from seeking additional protections. In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

a.      promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

b.      promptly provide the non-party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.      make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential information responsive to the discovery request.  If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Confidential Information.

21.     *Miscellaneous.* This Order shall apply to the production of all materials whether such materials are informally produced or produced in response to a formal

discovery request or a court order in this litigation.  This Order may be used to protect the confidentiality of the social security numbers of the parties and of all current or former employees of either of the parties or their affiliates.

22.     Inadvertent or unintentional production of documents or information containing information which should have been designated as Confidential Information shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

23.     This Order may not be waived, modified, abandoned, or terminated, in whole or part, except by an instrument in writing signed by the parties or by Court Order. If any provision of this Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

24.     This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents or other persons or organizations over which they have control.

25.     It is agreed that by signing this Order, no party waives its right to later request modification of the Order.

DATED: May 4, 2020.

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge